UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| BRANDON CALLIER, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | |
| VANGUARD ALLIANCE GROUP, | § | 3:25-CV-00047-LS |
| LLC d/b/a EDUPREP SOLUTIONS, | § | |
| LLC, *a Florida Limited Liability* | § | |
| *Company,* UNITED ALLIANCE | § | |
| GROUP, INC., *a Florida Corporation,* | § | |
| WILLIAM CHUNG, and TABITHA | § | |
| CHUNG | § | |
| | § | |
| *Defendants.* | § | |

REPORT AND RECOMMENDATION

*Pro se* plaintiff Brandon Callier brings this action alleging violations of the

Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and Section 302.101

of the Texas Business and Commerce Code ("TBCC"), Tex. Bus. & Com. Code §

302.101, as well as a claim for breach of contract.  Relevant here, Plaintiff secured an

entry of default against Defendant Vanguard Alliance Group, LLC, doing business as

EduPrep Solutions, LLC, after it failed to appear following service of the summons

and Complaint.  ECF No. 15.

Before the Court is Plaintiff's "Motion for Default Judgment On Counts One

and Two Against Defendant Vanguard Alliance Group, LLC" (ECF No. 22) ("Motion"),

in which he seeks default judgment under Federal Rule of Civil Procedure 55 only

against Vanguard on his TCPA and TBCC claims, with joint and several liability for

$32,905.00 in damages.    The Honorable District Judge Leon Schydlower (the "referring court") referred the Motion to the undersigned Magistrate Judge under 28 U.S.C. § 636(b).  For the reasons below, the Court **RECOMMENDS** the referring court to **GRANT** the Motion and **ENTER** default judgment against Vanguard.

### STANDARD

Rule 55 authorizes courts to enter default judgment against defendants who fail to plead or otherwise defend a case.  *See* Fed. R. Civ. P. 55.  But the plaintiff has no right to default judgment simply because the defendant is in default.  *Escalante v. Lidge*, 34 F.4th 486, 492 (5th Cir. 2022).  Default judgments are a drastic remedy, disfavored by the Federal Rules of Civil Procedure, and granted only under exceptional circumstances.  *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001).

Courts apply a three-part test to determine whether to enter default judgment.  *See, e.g., Martinez v. Eltman L., P.C.*, 444 F. Supp. 3d 748, 752 (N.D. Tex. 2020); *United States v. 1998 Freightliner Vin #: 1FUYCZYB3WP886986*, 548 F. Supp. 2d 381, 384 (W.D. Tex. 2008).  The first step asks whether default judgment is procedurally warranted.  *See Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).  To make that determination, courts weigh six factors: (1) whether material issues of fact exist; (2) whether the plaintiff has suffered substantial prejudice; (3) whether the grounds for default are clearly established; (4) whether the default was caused by a good-faith mistake or excusable neglect; (5) the harshness of imposing a default judgment; and (6) whether the court would feel compelled to set aside the judgment if the defendant later moved to do so.  *Id.*

- 2 -

The second step asks whether the plaintiff's "well-pleaded" allegations of facts provide "a sufficient basis" for entering default judgment. *See Nishimatsu Const. Co. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Because the defendant is in default, courts treat the plaintiff's well-pleaded factual allegations as admitted and take them as true. *Id.* To determine whether the factual allegations are well-pleaded, courts draw "meaning from the case law on Rule 8," which requires "a pleading to contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015) (quoting Fed. R. Civ. P. 8(a)(2)) (addressing *Nishimatsu*'s "well-pleaded" and "sufficient basis" requirements for default judgment).

The final step asks the form and amount of relief, if any, that the plaintiff should receive. *Id.* The defendant's default leads courts to accept the plaintiff's well-pleaded factual allegations as true, but only for liability, not for damages. *See U.S. For Use of M-CO Const., Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987). Courts will not award damages without a hearing unless the amount claimed is "a liquidated sum" or "one capable of mathematical calculation" by reference "to the pleadings and supporting documents." *James v. Frame*, 6 F.3d 307, 310–11 (5th Cir. 1993); *see also Frame v. S-H, Inc.*, 967 F.2d 194, 204 (5th Cir. 1992).

## DISCUSSION

In his Motion, Plaintiff argues that entry of default judgment against Vanguard is proper because it is procedurally warranted (first step) and his well-pleaded allegations support his claims against it (second step). Mot. at 6–9, ECF No.

22.  He also argues that no hearing is necessary to determine damages because he seeks damages in the amount of $32,905.00, which is calculated based on statutory damages and filing fees (third step).  *Id.* at 9–11.  The Court addresses Plaintiff's arguments in that order.

## I.      Step One: Default judgment is procedurally warranted for Plaintiff's claims against Vanguard.

After weighing the six factors, the Court concludes that default judgment against Vanguard is procedurally warranted.

First, no material facts are in dispute because, by its default, Vanguard has admitted Plaintiff's well-pleaded allegations.  *See Lindsey*, 161 F.3d at 893; *Nishimatsu*, 515 F.2d at 1206.  Second, its failure to respond or otherwise defend the case has effectively stalled the resolution of the claims against it for over a year, causing substantial prejudice to Plaintiff.  *See Walker v. Koelzer*, 715 F. Supp. 3d 956, 962 (N.D. Tex. 2024).

Third, the grounds for default are clearly established: Vanguard has not responded to the summons, the Complaint, the Clerk's entry of default, or this Motion despite service.  *See Lindsey*, 161 F.3d at 893.  Indeed, service on Vanguard was proper even though the summons and complaint were delivered to co-defendant Tabitha Chung—the spouse of co-defendant William Chung, who is Vanguard's registered agent.  *See* ECF No. 6 at 2 (Affidavit of Service for Vanguard).

Rule 4(h)(1) allows service on business entities either (1) by delivering process to an officer, managing or general agent, or any authorized agent, or (2) "in the manner prescribed by Rule 4(e)(1) for serving an individual."  Rule 4(e)(1) permits

service under the law of the state where the court sits or where service occurs. So, because this Court sits in Texas and William Chung resides in Florida, both states' service rules may apply.

True, service on Tabitha Chung does not satisfy Rule 4(h)(1)(B) because she is not Vanguard's registered agent, managing agent, or otherwise authorized to accept service on its behalf. Nor does it satisfy Texas law, which requires service under Texas Rule of Civil Procedure 106(a) by personal delivery or certified mail on the business entity's registered or authorized agent, or—with prior court approval— substituted service under Rule 106(b). *See* Tex. R. Civ. P. 106.

Yet service was proper under Florida law. Florida Statute § 48.062 governs service on LLCs, allowing service on the registered agent, and, under certain conditions, on members, managers, or the Secretary of State. It also provides that, when the listed address for the registered agent is a residence, section 48.031 applies. Fla. Stat. § 48.062(5). Section 48.031(1)(a) in turn allows service at the registered agent's "usual place of abode with any person residing therein who is 15 years of age or older and informing the person of the contents." *Id.* § 48.031(1)(a).

Here, the Affidavit of Service for Vanguard shows that Tabitha Chung lived at the same residence as William Chung, was over 15 years old, and was informed of the contents of the summons and complaint. Service was thus proper under Florida law. *See Accident Ins. Co. v. V&A Drywall & Stucco, Inc.*, No. 2:20-cv-425-FTM-66NPM, 2020 WL 5253942, at *1 (M.D. Fla. Sept. 3, 2020) (service was proper where plaintiff served the registered agent's spouse at the agent's residence under § 48.031(1)(a)).

Fourth, no evidence suggests that Vanguard's absence is due to either a good-faith mistake or excusable neglect. *See Lindsey*, 161 F.3d at 893. Fifth, default judgment would not be unfairly harsh here because Vanguard "ha[s] had ample opportunity to respond after receiving notice of this action and ha[s] failed to do so." *Griffin v. O'Brien, Wexler & Assocs.*, LLC, 680 F. Supp. 3d 772, 781 (E.D. Tex. 2023).

And sixth, nothing in the record suggests that the referring court would need to set aside the default against Vanguard. *See Lindsey*, 161 F.3d at 893. Indeed, entering default judgment against Vanguard on the TCPA and TBCC claims would not create inconsistent judgments once Plaintiff's identical claims against Defendant William Chung are resolved.[1]

"Inconsistent default judgments, like inconsistent judgments more generally, are strongly disfavored." *Escalante*, 34 F.4th at 495. "When a case involves multiple defendants, courts may not grant default judgment against one defendant if doing so would conflict with the position taken by another defendant." *Id.* The question here, then, is whether a default judgment against Vanguard would conflict with a later judgment for or against William Chung, given that Plaintiff alleges joint and several liability on the same TCPA and TBCC claims. It would not.

To begin, Plaintiff states in his Motion and accompanying declaration that he has decided to voluntarily dismiss William Chung without prejudice. *See* Mot. at 3 ("Plaintiff has elected to dismiss Mr. Chung from the complaint without prejudice

---

[1] Although the Complaint purports to assert the TCPA and TBCC claims against all defendants, Plaintiff's declaration accompanying his Motion clarifies that those claims are directed only at Vanguard and William Chung. *Compare* Compl. at 15, ECF No, 3, *with* Mot., Ex. 1 ¶¶ 3–4, ECF No. 1-1.

and proceed forward with a Motion for Default judgment against Defendant Vanguard."); *id.*, Ex. 1 at 1 ("I am unable to conduct a 26(f) with [William] Chung and have decided to dismiss him without prejudice from The Lawsuit in the interest of moving the case forward."); *see also id.*, Ex. 1 at 1 ("Counts I and II proceed forward only against Vanguard Alliance Group, LLC.").

So the referring court may liberally construe *pro se* Plaintiff's assertions as a notice of voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(i), as William Chung has not filed an answer or motion for summary judgment.[2]  *See Coleman v. United States*, 912 F.3d 824, 828 (5th Cir. 2019) (courts must liberally construe *pro se* filings); *see also Janssen v. Harris*, 321 F.3d 998, 1000 (10th Cir. 2003) (treating *pro se* letter asking that case be dismissed without prejudice as Rule 41(a)(1)(A)(i) notice); *Oswalt v. Scripto, Inc.*, 616 F.2d 191, 195 (5th Cir. 1980) ("To require the filing of a formal document would be to countenance a mechanistic view of the Federal Rules of Civil Procedure and exalt form over substance.").[3]  If construed

---

[2] Although William Chung previously moved to dismiss for failure to state a claim, that motion became a nullity—treated as never having been filed at all—after the referring court struck it from the record.  *Bunn v. Perdue*, 966 F.3d 1094, 1099 (10th Cir. 2020) ("When courts strike a filing as improperly filed, it becomes 'a nullity.'"); *Williams v. Am. Tel. & Tel. Co.*, 134 F.R.D. 302, 303 (M.D. Fla. 1991) (stricken motion is "treated as never having been filed at all."); *see also Exxon Corp. v. Maryland Cas. Co.*, 599 F.2d 659, 661 (5th Cir. 1979) (Rule 41(a)(1)(A)(i) voluntary dismissal "is not cut off by a motion to dismiss").

[3] Courts nationwide have liberally construed different *pro se* filings as Rule 41(a)(1)(A)(i) notices of voluntary dismissal.  *See, e.g.*, *Williams v. Mills*, No. 1:21CV109-DMB-RP, 2022 WL 2555754, at *1 (N.D. Miss. June 17, 2022) (treating *pro se* petitioner's filing styled as "Withdrawal" as Rule 41(a)(1)(A)(i) notice of voluntary dismissal of 28 U.S.C. § 2254 action), *R&R adopted*, No. 1:21-CV-109-DMB-RP, 2022 WL 2541995 (N.D. Miss. July 7, 2022); *Busby v. Underbakke*, No. 21-CV-02850-PAB-KLM, 2022 WL 1773802, at *1 (D. Colo. June 1, 2022) (treating *pro se* plaintiff's motion to dismiss his complaint as Rule 41(a)(1)(A)(i) notice); *Maeker v. Att'y Gen. State of New Mexico*, No. CIV 21-1104 JB/GJF, 2022 WL 980217, at *2 (D.N.M. Mar. 31, 2022) (treating *pro se* plaintiff's response to show-

that way, Plaintiff's TCPA and TBCC claims proceed only against Vanguard, so there is no risk of inconsistent judgments, even if his remaining breach-of-contract claim against the other defendants is resolved later.[4]

What is more, even if the referring court does not liberally construe Plaintiff's assertions as such, there is still no risk of inconsistent judgments because Plaintiff alleges that Vanguard and William Chung are jointly and severally liable on the same TCPA and TBCC claims.

Other circuits have held that when plaintiffs allege joint and several liability for tort claims, default judgment against one defendant but not another is not inconsistent. *See, e.g.*, *Arwa Chiropractic, P.C. v. Med-Care Diabetic & Med. Supplies, Inc.*, 961 F.3d 942, 951 (7th Cir. 2020). That is because "[s]everal or independent liability . . . arises when one defendant[] is found to have committed a tort without the aid of other defendants." *In re Uranium Antitrust Litig.*, 617 F.2d 1248, 1257 (7th Cir. 1980). So, "[a] finding of liability as to one defendant is consistent

---

cause order stating "I decline to take further action in this case" as Rule 41(a)(1)(A)(i) notice); *Williams v. Deen*, No. 220CV00183KGBJTR, 2021 WL 3422415, at *1 (E.D. Ark. Aug. 5, 2021) (treating *pro se* plaintiff's response to report and recommendation and motion to withdraw his complaint as Rule 41(a)(1)(A)(i) notice); *United States v. Roybal*, No. CIV 16-0966 JB/SCY, 2016 WL 7246107, at *1 (D.N.M. Oct. 31, 2016) (treating *pro se* petitioner's motion to withdraw his motion for appointment of counsel—stating he had "decided that it [was] not in his best interest to proceed with a 2255 at this time"—as Rule 41(a)(1)(A)(i) notice); *Little v. Trott & Trott, P.C.*, No. CIV.A. 09-1882 (CKK), 2009 WL 4827441, at *1 (D.D.C. Dec. 14, 2009) (treating *pro se* plaintiff's motion to dismiss under Rule 9(b) as Rule 41(a)(1)(A)(i) notice); *Roddy v. Dendy*, 141 F.R.D. 261, 261 (S.D. Miss. 1992) (treating *pro se* plaintiff's motion for voluntary dismissal as Rule 41(a)(1)(A)(i) notice).

[4] With default judgment entered against Vanguard, and with William Chung no longer in the case, Plaintiff's only remaining claim is a breach-of-contract claim solely against Defendants Tabitha Chung and United Alliance Group, Inc. for $13,750 in alleged damages. *See* Compl. ¶¶ 99–102.

with a finding of no liability as to the others, so long as there is no relationship between the parties requiring vicarious liability." *Id.*; *see also Escalante*, 34 F.4th at 495 (citing *Uranium* with approval).

Courts have recognized joint and several liability under the TCPA. *See, e.g.*, *Arwa*, 961 F.3d at 951; *Maryland v. Universal Elections, Inc.*, 862 F. Supp. 2d 457, 463 (D. Md. 2012), *aff'd*, 729 F.3d 370 (4th Cir. 2013); *Texas v. Am. Blastfax, Inc.*, 164 F. Supp. 2d 892, 899 (W.D. Tex. 2001). And Texas law likewise permits joint and several liability where multiple parties cause the same indivisible harm under TBCC claims. *See* Tex. Bus. & Com. Code §§ 33.002(a)(2); 33.013(b). It follows then, that entering default judgment against Vanguard now would not create inconsistent judgments.

On the one hand, if William Chung is later found not liable, then the default judgment against Vanguard remains consistent because each defendant's liability is independent. On the other hand, if William Chung is later found liable, then both defendants will simply share joint and several responsibility for the same statutory damages. And because any default judgment against Vanguard would be interlocutory until all claims against all parties are resolved, the referring court retains discretion to revise that judgment to specify that Vanguard and William Chung are jointly and severally liable for the same damages. *See* Fed. R. Civ. P. 54(b); Fed. R. Civ. P. 55 advisory committee's note to 2015 amendment ("A default judgment that does not dispose of all of the claims among all parties is not a final judgment

unless the court directs entry of final judgment under Rule 54(b).    Until final judgment is entered, Rule 54(b) allows revision of the default judgment at any time.").

## II.    Step Two: Plaintiff's well-pleaded allegations sufficiently support his claims against Vanguard.

In his Complaint, Plaintiff asserts two claims against Vanguard: (1) a federal Do-Not-Call claim under 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c)(2); and (2) a state claim under § 302.101 of the TBCC.    Below, the Court addresses whether each claim's allegations are well-pleaded under Federal Rule of Civil Procedure 8.

### A.    TCPA Do-Not-Call Claim

Section 227(c) of the TCPA grants the Federal Communications Commission (FCC) rulemaking authority to "protect residential telephone subscriber's privacy rights to avoid receiving telephone solicitations to which they object."    47 U.S.C. § 227(c)(1).    This subsection also provides a private right of action to "a person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations" promulgated by the FCC under the subsection.    *Id.* § 227(c)(5).

The FCC regulation that Plaintiff relies on here, 47 C.F.R. § 64.1200(c)(2), prohibits unsolicited calls to "residential telephone subscribers" who have registered on the "do-not-call registry" that the Federal Government maintains.    This FCC regulation applies to "telephone solicitations or telemarketing calls or text messages" made to wireless telephone numbers.    47 C.F.R. § 64.1200(e).

So, read together, the relevant TCPA subsection and FCC regulation require Plaintiff to allege that he is a "residential telephone subscriber" registered on the do-

not-call registry and that Defendants made more than two unsolicited calls or texts within a 12-month period.

Here, Plaintiff sufficiently pleads facts under Rule 8 to support entering a default judgment on his TCPA Do-Not-Call claim against Vanguard.  He alleges that Vanguard called him, through an agent named Jason Smith, to solicit student loan relief services from him five times: three times on May 29, 2024, and twice on May 30, 2024.  Compl. ¶¶ 42–50, 58.  He alleges that he received Vanguard's "solicitation phone calls [on] his personal phone number ending in 4374," which "was successfully registered . . . on the National Do Not Call Registry in January 2021." *Id.*  ¶¶ 30, 42. Plaintiff also alleges that his use of his registered cell phone number is "residential" because he uses it for "personal, family, and household use," including "to communicate with friends and family," "for navigation purposes, sending and receiving emails, timing food when cooking, and sending and receiving text messages." *Id.*  ¶ 88.  He also alleges that this cell phone number "is not primarily used for any business purpose." *Id.*

### B. TBCC Claim

Section 302.101 of the TBCC provides that a "seller may not make a telephone solicitation from a location in this state or to a purchaser located in this state unless the seller holds a registration certificate for the business location from which the telephone solicitation is made." Tex. Bus. & Com. Code § 302.101(a). A "seller" means a person who makes a telephone solicitation on the person's own behalf. Tex. Bus. &

Com. Code § 302.001(5).  Section 302.303(b) provides a private right of action to enforce violations of § 302.101.  Tex. Bus. & Com. Code § 302.303(b).

Here, Plaintiff sufficiently pleads facts under Rule 8 to support entering a default judgment on his TBCC claim against Vanguard.  He alleges that Vanguard is not registered to solicit via telephone in Texas as § 302.101(a) requires.  Compl. ¶ 57.  He further alleges that he confirmed its lack of registration in the Texas Registration Database on June 8, 2024, and on February 16, 2025.  *Id.* ¶¶ 56–57.  And Plaintiff also alleges that he was located in Texas at all times during the alleged calls.  *Id.* ¶¶ 65, 68.

### III.   <u>Step Three</u>: **Plaintiff's damages can be calculated with certainty by reference to the Complaint, without a hearing.**

Lastly, Plaintiff seeks a total of $32,905.00 in damages, including: (1) $1,500 in trebled statutory damages for each TCPA violation because he claims that Defendants committed each violation knowingly and willfully ($1,500 x 5 = $7,500); (2) $5,000 in statutory damages for each TBCC violation ($5,000 x 5 = $25,000); and (3) $405 in costs based on his filing fees.  Mot. at 9–11.[5]

Section 227(c)(5) of the TCPA provides that a plaintiff may receive up to $500 in damages for each violation of an FCC regulation, including 47 C.F.R. § 64.1200(c)(2).  47 U.S.C. § 227(c)(5)(B).  Additionally, "[i]f the court finds that the defendant willfully or knowingly violated the [FCC regulations enacted under §

---

[5] In his Complaint, besides damages, Plaintiff also requested an injunction enjoining Vanguard from "engaging in the unlawful conduct" alleged.  Compl. at 16.  But nowhere in his Motion or proposed order does Plaintiff seek such remedy.  Thus, the Court considers Plaintiff's request for a permanent injunction against Vanguard as abandoned for purposes of default judgment.

227(c)], the court may, in its discretion" award treble damages for each violation. *Id.* § 227(c)(5). In turn, the TBCC provides for "a civil penalty of not more than $5,000 for each violation" of § 302.101(a). Tex. Bus. & Com. Code § 302.302(a).

"The federal statute governing generally recoverable costs for litigants in federal court is 28 U.S.C. § 1920." *Cacho v. Amity One Debt Relief*, No. EP-24-CV-160-KC, 2024 WL 4594177, at *8 (W.D. Tex. Oct. 24, 2024). Litigants may recover filing fees as "fees of the clerk" under 28 U.S.C. § 1920(1). *Griffin*, 680 F. Supp. 3d at 790.

After reviewing the Complaint, the Court concludes that an award of $27,905 in damages can be calculated with certainty based on the pleading alone, without an evidentiary hearing. *S-H, Inc.*, 967 F.2d at 204.

To begin, the Complaint shows five TCPA violations based on Vanguard's five unsolicited phone calls to Plaintiff's residential cell phone number, which was registered on the do-not-call registry. Compl. ¶¶ 30, 42–50, 58. Yet no allegations support knowing and willful conduct. At most, the Complaint alleges that Smith called Plaintiff again the same day that Plaintiff told him he did not have student loans, but nothing more. *Id.* ¶¶ 48–50. So, Plaintiff may recover $2,500 in statutory damages under the TCPA—$500 for each phone call.

What is more, the Complaint shows five TBCC violations based on five unsolicited communications made without a registration certificate. *Id.* ¶¶ 30, 42–50, 56–58. So, Plaintiff may recover $25,000 in statutory damages under the TBCC for those five violations.

Lastly, although Plaintiff offers no evidence supporting an award of $405 in costs, the Court takes judicial notice of the $405 filing fee paid on February 18, 2025. *See* ECF No. 2 (Docket Text) ("Filing fee received in the amount of $ 405, receipt number ATXWDC-19802199"); *see also Cacho*, 2024 WL 4594177, at *8 (awarding $405 in costs on default judgment after taking judicial notice of plaintiff's filing fees). So, Plaintiff may recover $405 in costs under 28 U.S.C. § 1920 for his filing fees.

## RECOMMENDATION

For these reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Honorable District Judge Leon Schydlower **GRANT** Plaintiff's "Motion for Default Judgment On Counts One and Two Against Defendant Vanguard Alliance Group, LLC" (ECF No. 22) and **ENTER** default judgment against Vanguard, awarding Plaintiff a total of $27,905.00 in damages ($2,500 in statutory damages for five TCPA violations, $25,000 in statutory damages for five TBCC violations, and $405 in costs for filing fees).

**So ORDERED and SIGNED this 24th day of March 2026.**

_____

**ANNE T. BERTON**
**UNITED STATES MAGISTRATE JUDGE**

**<u>NOTICE</u>**

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THE FOREGOING REPORT, WITHIN FOURTEEN DAYS OF SERVICE OF SAME, MAY BAR DE NOVO DETERMINATION BY THE DISTRICT JUDGE OF AN ISSUE COVERED HEREIN AND SHALL BAR APPELLATE REVIEW, EXCEPT UPON GROUNDS OF PLAIN ERROR, OF ANY UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS AS MAY BE ACCEPTED OR ADOPTED BY THE DISTRICT COURT.**