UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| BRANDON L. CALLIER, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | |
| VANGUARD ALLIANCE GROUP, | § | No.  3:25-CV-00047-LS |
| LLC, A FLORIDA LIMITED | § | |
| LIABILITY COMPANY; WILLIAM | § | |
| CHUNG, TABITHA CHUNG, UNITED | § | |
| ALLIANCE GROUP, INC., A | § | |
| FLORIDA CORPORATION, | § | |
| | § | |
| *Defendants*. | § | |

## ORDER GRANTING MOTION TO SEAL AND DENYING MOTION FOR LEAVE TO FILE MOTION FOR SUMMARY JUDGMENT UNDER SEAL

Plaintiff Brandon Callier moves to seal the settlement agreement attached as Exhibit A to his complaint.[1] The settlement specified that its "confidentiality provision . . . is a material term"[2] of the parties' agreement, and Plaintiff represents that the parties settled with an "expectation of privacy."[3] The Court therefore **GRANTS** Plaintiff's motion to seal the settlement agreement [ECF No. 21].[4] The Clerk shall **SEAL** the complaint [ECF No. 3], and Plaintiff shall file a publicly available version of his complaint with a redacted settlement by **May 18, 2026**.

---

[1] ECF No. 3-1.

[2] ECF No. 3-1 at 3.

[3] ECF No. 21, at 2.

[4] *See Seals v. Herzing*, 482 F. App'x 893, 896 (5th Cir. 2012) ("In light of the parties' agreement to maintain confidentiality, the express statement that confidentiality was a material inducement for [a party] to settle, the fact that 'public policy favors voluntary settlements,' and the limitation of the district court's order to these three exhibits, we conclude that the district court did not abuse its discretion in ordering these exhibits sealed." (quoting *Bass v. Pheonix Seadrill/78, Ltd.*, 749 F.2d 1154, 1164 (5th Cir. 1985))).

Plaintiff also moves to file a summary judgment motion under seal, but all remaining Defendants are in default,[5] and "an order that essentially amounts to a default judgment is not appropriate on a motion for summary judgment."[6] Therefore, the motion [ECF No. 23] is **DENIED**. The Court grants Plaintiff leave to file any other motions that include the settlement agreement under seal alongside a separate publicly available version with a redacted settlement.

　　　　**SO ORDERED**.

　　　　**SIGNED** and **ENTERED** on April 27, 2026.

_____
**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**

---

[5] ECF No. 15.

[6] *Davis-Lynch, Inc. v. Moreno*, 667 F.3d 539, 554 (5th Cir. 2012); *see also Hibernia Nat'l Bank v. Admin. Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 ("[I]f [a] district judge's decision was to grant summary judgment solely because of a default, such decision constituted reversible error.").

2