**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **BRANDON CALLIER**, | § | |
| | § | |
| ***Plaintiff***, | § | |
| **v.** | § | **EP-25-CV-00047-LS-ATB** |
| | § | |
| **VANGUARD ALLIANCE GROUP, LLC,** | § | |
| *d/b/a* **EDUPREP SOLUTIONS, LLC,** | § | |
| **WILLIAM CHUNG, TABITHA CHUNG,** | § | |
| **JACQUELINE DINH, *and* UNITED** | § | |
| **ALLIANCE GROUP, INC.,** | § | |
| | § | |
| ***Defendants*.** | § | |

**REPORT AND RECOMMENDATION**

Before the Court is Plaintiff Brandon Callier's "Motion for Default Judgment" (ECF No. 31) filed pursuant to Federal Rule of Civil Procedure 55(b)(2). Previously, Callier moved for default judgment against Defendant Vanguard Alliance Group, LLC ("Vanguard"), and the Honorable District Judge Leon Schydlower entered a default judgment against Vanguard. In the present motion, Callier moves for default judgment against Defendants United Alliance Group, Inc. ("United"), William Chung ("W. Chung"), and Tabitha Chung ("T. Chung").

Judge Schydlower referred the case, for all pretrial purposes, to the undersigned Magistrate Judge;[1] the referral thus includes the present motion. For the reasons that follow, Callier's present motion for default judgment should be denied.

[1] Order Referring Case to U.S. Mag. Judge ("The Court refers this case to the Honorable Anne Berton for determination of all non-dispositive pretrial matters and report and recommendation on all dispositive pretrial matters."), ECF No. 32.

## I. BACKGROUND[2]

In January 2022, Callier sued Defendants United, W. Chung, T. Chung, and Jacqueline Dinh (collectively, the "Debtor Defendants" as defined in Callier's complaint here[3]) in *Callier v. United Alliance Grp., Inc.*, No. EP-22-CV-00003-DCG (W.D. Tex.) (hereinafter *Callier I*).[4] The Honorable Senior District Judge David Guaderrama presided over *Callier I*. At the time, W. Chung owned and operated United.[5] In *Callier I*, Callier asserted claims under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.* and Sections 302.101 and 305.053 of the Texas Business and Commerce Code ("TBCC").[6] The claims arose from multiple calls that Callier received between September and December 2021 from United and its agents, offering him student loan forgiveness products and services;[7] those calls were made to Callier's

---

[2] The facts recited in the background section and elsewhere in this Report are drawn primarily from Callier's complaint and the exhibit attached thereto, which includes a settlement agreement executed in a separate action. However, both the complaint and the exhibit are sealed. Specifically, on April 27, 2026, Judge Schydlower, upon Callier's request to seal the settlement agreement, ordered that the complaint together with the settlement agreement be sealed. Order Granting Mot. to Seal at 1, ECF No. 27. The judge also ordered Callier to file a redacted version of the complaint and a redacted version of the settlement agreement—that are publicly accessible. *Id.* To date, however, Callier has not filed a redacted copy of either the complaint or the settlement agreement.

In writing this Report, the Court has taken care not to disclose confidential information contained in the complaint or the settlement agreement, including the settlement amount. *Cf. United States v. Holy Land Found. for Relief & Dev.*, 624 F.3d 685, 690 (5th Cir. 2010) ("Public confidence in our judicial system cannot long be maintained where important judicial decisions are made behind closed doors and then announced in conclusive terms to the public, with the record supporting the court's decision sealed from public view." (brackets and internal quotes omitted)).

[3] Pl.'s Original Compl. at ¶ 7 [hereinafter Compl.] (stating "Defendants W. Chung, T. Chung, Dinh, and United a[re] collectively referred to as 'Debtor Defendants'"), ECF No. 1.

[4] *Id.* at ¶¶ 33, 100.

[5] *Id.* at ¶ 40.

[6] *Id.* at ¶ 62; *see also* Pl.'s Original Compl. at 18–21, *Callier I* [hereinafter *Callier I* Compl.], ECF No. 1.

[7] *Callier I* Compl. at ¶¶ 32, 43.

cell phone number (915) 383-4604.[8] In *Callier I*, on May 8, 2023, Callier and the Debtor Defendants executed a settlement agreement,[9] and on July 13, they filed a stipulation of dismissal, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), seeking dismissal with prejudice.[10] On July 14, 2023, Judge Guaderrama entered an order dismissing with prejudice all claims asserted by Callier in *Callier I*.[11] At the time, the Debtor Defendants paid Callier a portion of the agreed-upon settlement amount; however, as of the filing of this action, they had not paid the remaining balance.[12]

At some time later, W. Chung "created" Vanguard, a new company that offers "the same 'student loan elimination' services that United . . . provided."[13] Between May 29 and 30, 2024, Callier received at least five calls, made without his consent, to his cellular phone number 915-245-4374, which is registered on the National Do Not Call Registry.[14] During those calls, Callier was solicited for student debt relief services.[15] Callier traced the calls to Vanguard.[16]

---

[8] *Id.* at ¶ 32. In the case *sub judice*, Callier incorrectly states that *Callier I* involved "unauthorized phone calls to his cell phone ending in 4374." Compl. at ¶ 33.

[9] Compl. Ex. A, ECF No. 1-1.

[10] Joint Stipulation of Dismissal at 1–1, *Callier I* [hereinafter *Callier I* Stipulation of Dismissal], ECF No. 68.

[11] Order Dismissing Case, *Callier I* [hereinafter *Callier I* Dismissal Order], ECF No. 69.

[12] Compl. at ¶¶ 100–102.

[13] *Id.* at ¶ 41.

[14] *Id.* at ¶¶ 30, 33, 42, 58.

[15] *Id.* at ¶ 47.

[16] *See id.* at ¶¶ 52–55.

On February 18, 2025, Callier brought this lawsuit. He asserts three claims: (1) a TCPA claim for violations of 47 U.S.C. 227(c) (Count One); (2) a claim for violations of Section 302.101 of the TBCC (Count Two); and (3) a claim for breach of the settlement agreement that was executed in *Callier I* (Count Three). According to Callier's complaint, he asserts Counts One and Two against "all" Defendants (i.e., Vanguard and the Debtor Defendants)[17] and Count Three against the Debtor Defendants.[18]

On June 19, 2025, and upon Callier's request, the clerk entered default against Vanguard, United, and T. Chung.[19] On July 21, Callier filed a notice of dismissal, dismissing without prejudice his claims against Dinh, one of the Debtor Defendants.[20] And based on the notice, on July 31, Judge Schydlower dismissed Callier's claims against Dinh.[21] On December 29, Callier moved for default judgment against Vanguard on Counts One (the TCPA claim) and Two (the TBCC claim).[22]

On March 24, 2026, this Court issued a Report and Recommendation, recommending that Callier's motion for default judgment against Vanguard be granted and that Callier be awarded a total of $27,905.00 in damages ($2,500 in statutory damages for five TCPA violations, $25,000 in statutory damages for five TBCC violations, and $405 in costs for filing fees).[23] On April 14,

---

[17] Compl. at 14 (stating "Against All Defendants" under the "COUNT ONE" heading); *id.* at 15 (stating "Against All Defendants" under the "COUNT TWO" heading).

[18] *Id.* at 15 (stating "Against Debtor Defendants" under the "COUNT THREE" heading).

[19] Entry of Default, ECF No. 15; *see also* Req. for Entry of Default, ECF No. 12.

[20] Pl.'s Notice of Dismissal Without Prejudice, ECF No. 16.

[21] Order at 1, ECF No. 17.

[22] Pl.'s Mot. for Default J. on Counts One & Two against Def. Vanguard [hereinafter Pl.'s First Mot. for Default J.], ECF No. 22.

[23] R & R at 14, ECF No. 25.

Judge Schydlower adopted the Report and Recommendation, granted Callier's motion for default judgment against Vanguard, and awarded Callier damages totaling $27,905.00 for his TCPA claim, TBCC claim, and court costs.[24] In addition, Judge Schydlower dismissed W. Chung from this case.[25]

On June 15, 2026, Callier filed the instant motion for default judgment against United, W. Chung, and T. Chung.[26]

## II. STANDARD

Federal Rule of Civil Procedure 55(b)(2) authorizes courts to enter, on a plaintiff's application, default judgment against a defendant. Fed. R. Civ. P. 55(b)(2). Securing a judgment by default under Rule 55(b)(2) requires: (1) the defendant's default; (2) the clerk's entry of default; and (3) the court's entry of default judgment. *N.Y. Life Ins. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). "A *default* occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules." *Id.* (italics in original); *see also* Fed. R. Civ. P. 55(a). A plaintiff must secure "an entry of default by the court clerk," *see* Fed. R. Civ. P. 55(a), which "simply is an official recognition of the fact that one party is in default," 10A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2692 (4th ed. 2026). After the clerk enters a default against the defendant, the plaintiff "may apply for a judgment based on such default." *N.Y. Life Ins.*, 84 F.3d at 141; *see also* Fed. R. Civ P. 55(b)(2).

---

[24] Order Adopting R & R & Granting Mot. for Default J. at 1–2 [hereinafter Order Adopting R & R], ECF No. 26.

[25] *Id.* at 2.

[26] Pl.'s Mot. for Default J. at 1 [hereinafter Pl.'s Second Mot. for Default J.], ECF No. 31.

In determining whether a default judgment should be entered, courts conduct a three-part analysis. First, the court asks: whether the entry of default judgment is "procedurally warranted." *United States v. 1998 Freightliner Vin #: 1FUYCZYB3WP886986*, 548 F. Supp. 2d 381, 384 (W.D. Tex. 2008). Second, regarding the defendant's liability, the court asks: whether the plaintiff's "well-pleaded" factual allegations, assumed as true, provide "a sufficient basis" for entering default judgment, *Nishimatsu Const. Co. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)[27]—stated another way, whether such allegations state a claim for relief under "the minimum standards of Rule 8," *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015). Finally, the court determines damages. *Escalante v. Lidge*, 34 F.4th 486, 492 (5th Cir. 2022).

## III. DISCUSSION

### A. Present Motion for Default Judgment

Callier's motion fails at the first step of the analytical framework for default judgment: whether the entry of default judgment is procedurally warranted. In determining whether the entry of default judgment is procedurally appropriate, courts consider, among other factors, "whether the court would think itself obliged to set aside the default on the defendant's motion." *Lindsey v. Prive Corp*., 161 F.3d 886, 893 (5th Cir. 1998). The Court thinks that is the case here.

Callier moves for default judgment against Defendants *W. Chung*, T. Chung, and United.[28] He does so only on the TCPA claim (Count One) and the TBCC claim (Count Two).[29]

[27] *See also Nishimatsu Const.*, 515 F.2d at 1206 ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact.").

[28] Pl.'s Second Mot. for Default J. at 1.

[29] *Id.* at 8–9.

Earlier during litigation, Callier represented that he decided to voluntarily dismiss W. Chung without prejudice.[30] Based on Callier's representations, this Court recommended that Judge Schydlower "may liberally construe *pro se* Plaintiff's assertions as a notice of voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(i), as [W.] Chung has not filed an answer or motion for summary judgment."[31] In turn, Judge Schydlower dismissed W. Chung.[32]

Also earlier, Callier represented that under Counts One (the TCPA claim) and Two (the TBCC claim) in his complaint, he mistakenly listed "All Defendants," and that these two counts were asserted only against Vanguard and W. Chung.[33] Moreover, because he decided to dismiss W. Chung, he further represented that Counts One and Two "proceed forward only against Vanguard."[34] Based on these representations, this Court addressed Callier's earlier motion for default judgment against Vanguard without analyzing any joint and several liability for W. Chung under the TCPA and TBCC claims.[35] Ultimately, Judge Schydlower adopted this Court's Report and Recommendation, dismissed W. Chung, and entered default judgment against Vanguard on the TCPA and TBCC claims.[36]

---

[30] Pl.'s First Mot. for Default J. at 3 ("According to [T.] Chung, [W.] Chung's spouse, [W.] Chung is incarcerated. Because Plaintiff cannot verify Mr. Chung's incarceration status, Plaintiff has elected to dismiss [W.] Chung from the complaint without prejudice and proceed forward with a Motion for Default judgment against Defendant Vanguard."); Callier Declr. at ¶ 5 ("I am unable to conduct a 26(f) with [W.] Chung and have decided to dismiss him without prejudice from The Lawsuit in the interest of moving the case forward."), ECF No. 22-1.

[31] R &R at 6–7.

[32] Order Adopting R & R at 2 & n.3.

[33] Callier Declr. at ¶¶ 3, 4.

[34] *Id.* at ¶¶ 5, 6.

[35] R &R at 8–9; *see also* Compl. at ¶¶ 75–83 (alleging that W. Chung, as the manager of Vanguard, is personally liable for Vanguard's violations of the TCPA).

[36] Order Adopting R & R at 1–2.

Consequently, Callier is estopped from pursuing default judgment against any non-Vanguard defendants on the TCPA and TBCC claims and is further estopped from pursuing default judgment on any claims against W. Chung, who, as mentioned, was dismissed from this case. *See Forte Hum. Cap., Inc. v. Shishido*, --- F. Supp. 3d ----, No. EP-24-CV-00365-LS-ATB, 2026 WL 1793655, at *6 n.44 (W.D. Tex. June 5, 2026) ("Judicial estoppel is an equitable doctrine designed to protect the integrity of judicial proceedings by preventing a party from asserting a position that is contrary to a position previously taken in the same or some earlier proceeding." (citing *Occidental Petrol. Corp. v. Wells Fargo Bank, N.A.*, 117 F.4th 628, 638 (5th Cir. 2024), and *Republic of Ecuador v. Connor*, 708 F.3d 651, 654 (5th Cir. 2013))); *id.* ("Two elements must be present for judicial estoppels to apply: (1) the position of the party being estopped must be clearly inconsistent with its previous position; and (2) that party must have convinced the court to accept that previous position." (citing *Occidental Petrol.*, 117 F.4th at 638)).

In sum, the entry of default judgment is not procedurally warranted, and therefore, Callier's present motion for default judgment should be denied.

**B. Additional Matters: Count Three**

Because this case was referred to the undersigned Magistrate Judge for all pre-trial purposes, the Court addresses Callier's breach of contract claim asserted in Count Three. Callier brought this claim against the Debtor Defendants, i.e., United, W. Chung, T. Chung, and Dinh, however, two of these defendants—W. Chung and Dinh—have been dismissed from this case. The basis of this claim is the settlement agreement Callier and the Debtor Defendants executed in May 2023 in *Callier I*, which was prosecuted before Judge Guaderrama.[37] Callier alleges that

[37] *See* Part I, *supra*.

the Debtor Defendants made a partial payment toward the settlement amount in May 2023 but have not paid him the remaining balance.[38]

"[F]ederal courts are duty-bound to examine the basis of subject matter jurisdiction *sua sponte*." *Colvin v. LeBlanc*, 2 F.4th 494, 498 (5th Cir. 2021); *see also Sawyer v. Wright*, 471 F. App'x 260, 261 (5th Cir. 2012) ("As a court of limited jurisdiction, a federal court must affirmatively ascertain subject-matter jurisdiction before adjudicating a suit."). And "*sua sponte* dismissal is mandatory when a court discovers that it lacks subject-matter jurisdiction." *Carver v. Atwood*, 18 F.4th 494, 497 (5th Cir. 2021) (italics in original) (citing, among others, Fed. R. Civ. P. 12(h)(3)). The Court lacks diversity jurisdiction over Callier's breach of contract claim, a state-law claim, because Callier's allegations show that the amount-in-controversy ($75,000) requirement is not satisfied. 28 U.S.C. § 1332(a).

The Court therefore inquires whether "ancillary jurisdiction" exists over Callier's claim for breach of the settlement agreement. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378 (1994) (Under the doctrine of ancillary jurisdiction, federal courts may exercise jurisdiction "over some matters (otherwise beyond their competence) that are incidental to other matters properly before them."). A federal court may exercise ancillary jurisdiction in two categories of situations: "(1) to resolve 'factually interdependent' claims or (2) to address issues implicating the [court's] ability 'to manage [its] proceedings, vindicate its authority, and effectuate its decrees.'" *Nat'l City Golf Fin. v. Scott*, 899 F.3d 412, 416 (5th Cir. 2018) (quoting *Kokkonen*, 511 U.S. at 379–80). Neither category gives the Court power to address Callier's claim for breach of the settlement agreement.

---

[38] Compl. at ¶ 101.

The Court cannot rely on the first category of ancillary jurisdiction. "Generally speaking, 'factually interdependent' claims are those that support supplemental jurisdiction under 28 U.S.C. § 1367." *Id.* at 416; *see also* 28 U.S.C. § 1367(a) ("[I]n any civil action of which [a] district court[] [has] original jurisdiction, [that] court[] shall have supplemental jurisdiction over all other claims that are so related to claims in the action . . . that they form part of the same case or controversy . . . ."). The question under § 1367(a) is "whether the supplemental claims are so related to the original claims that they derive from a common nucleus of operative fact." *Halmekangas v. State Farm Fire & Cas. Co*., 603 F.3d 290, 293 (5th Cir. 2010) (ellipses and internal quotes omitted). Here, the factual allegations regarding the Debtor Defendants' alleged breach of the settlement agreement are separate from those regarding Callier's TCPA claim (Count One) against Vanguard over which the Court has federal question jurisdiction: the alleged facts are chronologically separate and unique to each claim. Consequently, the TCPA claim and the breach of contract claim do not derive from a common nucleus of operative fact, and the Court cannot exercise the first category of ancillary jurisdiction. *Cf. Venable v. Louisiana Workers' Comp. Corp*., 740 F.3d 937, 945 (5th Cir. 2013) (explaining that the first basis of ancillary jurisdiction did not apply in that case "because the terms of a settlement agreement usually will not be 'factually interdependent' with the claims underlying the original lawsuit").

Nor can the Court rely on the second category of ancillary jurisdiction. As mentioned above,[39] in *Callier I*, based on the settlement agreement, the parties filed a voluntary stipulation of dismissal with prejudice under Federal Rule of Civil Procedure 41(a)(1)(A)(ii), and Judge Guaderrama entered an order dismissing the action with prejudice.[40] By default, a district court's

[39] *See* Part I, *supra*.

[40] *Callier I* Stipulation of Dismissal at 1–2; *Callier I* Dismissal Order at 1–2.

ancillary enforcement power "does not include enforcing . . . a settlement that prompted a Rule 41(a)(1)(A)(ii) stipulation of dismissal." *Nat'l City Golf Fin.*, 899 F.3d at 416. If the district court is to retain jurisdiction to enforce the terms of a settlement agreement effectuated by a Rule 41(a)(1)(A)(ii) stipulation of dismissal, "then one of two things must happen: either (1) an order expressly retaining jurisdiction over, or expressly incorporating the terms of, the settlement agreement must enter ahead of the stipulation; or (2) the stipulation's efficacy must be made contingent upon the district court issuing such an order." *Whittier v. Ocwen Loan Servicing, L.L.C.*, 128 F.4th 724, 727 (5th Cir. 2025). Neither happened in *Callier I*. Moreover, this Court does not have ancillary enforcement jurisdiction to enforce the settlement agreement because the doctrine of ancillary jurisdiction "provides for the same court to retain jurisdiction in order to enforce its own orders—not a different court," and if jurisdiction to enforce the settlement agreement exists, "it would exist . . . in [Judge Guaderrama's] court" in *Callier I*. *Mijares v. Cnty. of El Paso*, No. EP-15-CV-353-KC, 2016 WL 206481, at *3 (W.D. Tex. Jan. 15, 2016).

In sum, the Court lacks subject-matter jurisdiction over Callier's breach of contract claim asserted in Count Three against the Debtor Defendants. Consequently, the Court concludes that this claim must be dismissed without prejudice. The Court's conclusion does not leave Callier without a remedy—he may seek to enforce the settlement agreement in state court. *See Kokkonen*, 511 U.S. at 382 ("[E]nforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction.").

* * *

Because Count Three must be dismissed and Judge Schydlower previously entered default judgment on Counts One and Two, no claims remain pending for judicial disposition. Accordingly, final judgment may be issued, and this case may be closed.

## IV. CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff Brandon Callier's Motion for Default Judgment (ECF No. 31) be **DENIED**.

**IT IS FURTHER RECOMMENDED** that Plaintiff's breach of contract claim (Count Three)[41] be **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction.

**IT IS FINALLY RECOMMENDED** that there being no outstanding claims in this case, final judgment should be entered, and this case should be closed.

**So ORDERED and SIGNED this 1st day of October 2026.**



**ANNE T. BERTON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THE FOREGOING REPORT, WITHIN FOURTEEN DAYS OF SERVICE OF SAME, MAY BAR DE NOVO DETERMINATION BY THE DISTRICT JUDGE OF AN ISSUE COVERED HEREIN AND SHALL BAR APPELLATE REVIEW, EXCEPT UPON GROUNDS OF PLAIN ERROR, OF ANY UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS AS MAY BE ACCEPTED OR ADOPTED BY THE DISTRICT COURT.**

[41] As mentioned, Callier asserted Count Three against Defendants United Alliance Group, Inc., William Chung, Tabitha Chung, and Jacqueline Dinh, but William Chung and Jacqueline Dinh have been dismissed from this case.